(78 South. 637)

LUM MACHINERY & SUPPLY CO. v. SHORT. (4 Div. 525.)

(Court of Appeals of Alabama. April 9, 1918.)

TRIAL ☞143 — INSTRUCTIONS—AFFIRMATIVE CHARGE.

Where the evidence is in sharp conflict, the affirmative charge is properly refused.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Detinue by the Lum Machinery & Supply Company against D. M. Short. Judgment for defendant, and plaintiff appeals. Affirmed.

The following charges were refused to plaintiff:

(2) If you are reasonably satisfied from the evidence that defendant had John Stanley read the contract as testified to by him, and after it was so read defendant never offered to disaffirm the contract or rescind the same, your verdict must be for plaintiff.

(3) Although you may be reasonably satisfied from the evidence that the contract was obtained by fraud, still, if after discovering the fraud you are reasonably satisfied that defendant never offered to rescind the contract, your verdict should be for plaintiff.

Henry Opp and Powell, Albritton & Albritton, all of Andalusia, for appellant. J. Morgan Prestwood and W. L. Parks, both of Andalusia, for appellee.

SAMFORD, J. The plaintiff contended that it sold defendant certain machinery at a stipulated price, retaining the title until paid, and took a contract in writing to that effect, to which defendant assented by affixing his mark; that the purchase price had not been paid; that default had been made; and that demand had been made for the return of the property. The defendant admitted a balance due, but contended that the purchase was a straight sale, without retention of title in plaintiff, and that his mark had been obtained to the written contract by fraud. The evidence was in sharp conflict. Where this is the case, the affirmative charge is properly refused.

The question of rescission is not involved in this case. The contract in its inception was either a sale reserving the title or it was a sale transferring the title, and the fact that the defendant discovered some ten months after the sale that plaintiff was claiming title to the property under a contract to which defendant's mark had been obtained by fraud would not make it necessary for defendant to offer to rescind, as, according to defendant's contention, that contract never existed. Hence charges 2 and 3 were properly refused, and objections to questions to witnesses raising this question were properly sustained.

There is no error in the record, and the judgment is affirmed.

Affirmed.